## THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TRISHA HOWELL DEVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 871 |
| | ) | |
| SAM'S CLUB WEST and/or SAM'S CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Sam's West, Inc. (incorrectly named in the caption Sam's Club West), by its attorneys, answers the Complaint of Trisha Howell Devenport as follows:

### NATURE OF THE CASE

This is a case about shocking and offensive sexual discrimination. In this seven (7) Count Complaint, Plaintiff DEVENPORT seeks redress for Defendant's shocking and outrageous creation and perpetuation of a severe and pervasive gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"). Devenport also seeks redress under The Pregnancy Discrimination Act of 1978, amendment to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(k). Further, Plaintiff brings a claim of violation, retaliation and interference with her rights under the Family Medical Leave Act (FMLA) 29 U.S.C. § 2601 et seq. and 5 U.S.C. § 6381 et seq., and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Jurisdiction of the Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as well as this Court's power to assert ancillary and pendant jurisdiction over related state law claims. Finally, Devenport seeks redress for Defendant's intentional infliction of emotional distress under Illinois common law for actions so

extreme and outrageous they went beyond the bounds of decency and are to be regarded as intolerable in our society.

**ANSWER:**    Sam's Club admits that this Court has jurisdiction pursuant to the above-referenced statutes and admits that venue is proper, but denies the remaining allegations contained in the paragraph above.  Sam's Club denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

1.      Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act of 1978, amendment to title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(k).

**ANSWER:**    Sam's Club denies that Plaintiff fulfilled all conditions precedent to the institution of this action under the Pregnancy Discrimination Act of 1978, 42 U. S. C. § 2000e(k).  Sam's Club admits the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

2.      Plaintiff filed a "Charge of Discrimination" with the Illinois Department of Human Rights (Hereinafter referred to as the "IDHR" on or about September 27, 2005.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 2 of Plaintiff's Complaint, but denies any implication that the charge encompassed each of the allegations alleged in the Complaint, denies that it engaged in any unlawful activity and denies that Plaintiff is entitled to any relief whatsoever.

3.      The IDHR and Equal Employment Opportunity Commission (Hereinafter referred to as the "EEOC"), have a "cross filing agreement" which automatically files any and all Charges of Discrimination filed with one agency to be also filed with the other agency.

**ANSWER:** Sam's Club admits that the IDHR and the EEOC have a cross filing agreement and that some Charges of Discrimination filed with one agency are also filed at the other agency, but denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Therefore the Plaintiff's Charge filed with the IDHR was also filed with the EEOC.

**ANSWER:** Sam's Club admits that Plaintiff's Charge filed with the IDHR was cross filed with the EEOC, but denies the implication that it was cross filed because all IDHR Charges allegedly are automatically cross filed at the EEOC.

5.    The EEOC issued a "Notice of Right to Sue" dated February 12, 2008.

**ANSWER:** Sam's Club admits that the EEOC issued a Notice of Right to Sue at Plaintiff's request dated February 12, 2008, but denies any implication that Sam's Club engaged in any unlawful activity and denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981, as amended, and 28 U.S.C. §1331 and §1343. Further, jurisdiction is found based upon the Family Medical Leave Act ("FMLA") 29 U.S.C. §2601 *et seq.* and 5 U.S.C. §6381 *et seq.,* Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C. § 1367(a).

**ANSWER:** Sam's Club denies that this Court has jurisdiction pursuant to 42 U. S. C. § 1981 or 5 U. S. C. § 6381 *et seq.*, denies that it engaged in any unlawful activity, and denies that Plaintiff is entitled to any relief whatsoever under § 1981 or any other statute. Sam's Club admits the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**ANSWER:**    Sam's Club admits that venue is proper but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

## PARTIES

8.    Plaintiff Trisha Howell Devenport is a female that resides in the state of Indiana but works and regularly does business in Cook County, Illinois, within the Northern District of Illinois.

**ANSWER:**    Sam's Club admits that Plaintiff is a female who purports to reside in Indiana, but states that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    Further, almost all of the factual events, witnesses and physical location of the events are located in the State of Illinois.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant Sam's Club, Inc., and/or Sam's Club West is a corporation with retail locations in Cook County, Illinois.

**ANSWER:**    Sam's Club admits that Sam's West, Inc. is a corporation with retail locations in Cook County, Illinois, but denies the allegations contained in Paragraph 10 of Plaintiff's Complaint. Sam's Club further states that "SAM'S CLUB, INC." and "SAM'S CLUB WEST" are nonexistent entities.

## STATEMENT OF FACTS

### FACTS REGARDING THE INVESTIGATION AND DETERMINATION OF THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS

11.    Based upon the Plaintiff's Charge of Discrimination (Hereinafter referred to as a "Charge" or "COD") the IDHR conducted a complete investigation of the claims of the Plaintiff.

**ANSWER:**    Sam's Club admits that the IDHR investigated the claims Plaintiff made in her Charge, but denies any implication that the IDHR investigated all of the claims Plaintiff makes in her Complaint.

12.    At the end of the investigation, the IDHR issued a "Finding of Substantial Evidence" (Hereinafter referred to as "Substantial Evidence Finding").

**ANSWER:**    Sam's Club admits that the IDHR issued a "Finding of Substantial Evidence" but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

13.    Based upon the Substantial Evidence Finding, and after the failure to settle the case at Conciliation, the IDHR filed a Complaint with the Illinois Human Rights Commission (Hereinafter referred to as HRC).

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 13 of Plaintiff's Complaint but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

14.    The case filed before the HRC was identified by Case Number 2006 CF 0720.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    The HRC case has progressed through some initial written discovery.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    It is the standard procedural practice of the HRC to "Stay" its proceeding while a Federal District Court suit is progressing.

**ANSWER:**    Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    It is expected that the HRC will stay the proceedings pending the determination of this court action.

**ANSWER:**    Sam's Club admits that the HRC stayed its proceedings pending the determination of this lawsuit.

## FACTS UPON WHICH THE FMLA CLAIMS ARE BASED

### 2005-2006 FMLA VIOLATIONS AND FACTS

18.    At all times relevant hereto, Defendant was an employer engaged in an industry affecting commerce, and had 50 or more employees for each working day in each of twenty or more calendar weeks.  At all relevant times herein Defendant has been a covered entity under the FMLA pursuant to 29 U.S.C. §2601, *et seq.*

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    At all times material hereto, Plaintiff was an employee of Sam's as that term is defined pursuant to 29 U.S.C. §2611(2).

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    Plaintiff was hired by Defendants in June 23, 1986 as a part-time cashier at the age of nineteen (19) years in Waco, Texas.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Plaintiff worked for the Defendant from 1986 till [sic] her unlawful demotion, transfer on February 12, 2005, suspension on April 2, 2005 and termination on April 8, 2005.

**ANSWER:**    Sam's Club admits that Plaintiff worked for Sam's Club from 1986 until her termination on April 8, 2005 and admits that she was suspended with pay on April 2, 2005, but denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and denies that Sam's Club engaged in any unlawful activity whatsoever.

22.    Plaintiff was an exceptional employee, as demonstrated by her 19 years of dedicated service to the Defendant.

**ANSWER:**    Sam's Club admits that Plaintiff worked for Sam's Club for 19 years, but denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Further the Plaintiff's exceptional work is demonstrated by her advancement through the ranks to a General Manager position.

**ANSWER:**    Sam's Club admits that at one time Plaintiff was promoted to General Manager, but denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    On October 25, 2004, Plaintiff returned a fully completed Family and Medical Leave of Absence Approval Form to Defendant.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     On November 12, 2004 the Plaintiff began a medical leave of absence due her [sic] being pregnant and the impending birth of her second child.

**ANSWER:**     Sam's Club admits that on November 15, 2004, Plaintiff began a medical leave of absence due to her being pregnant and the impending birth of her child.  Sam's Club states that it is without knowledge or information sufficient to form a belief as to whether the child was Plaintiff's second child.  Sam's Club denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The leave form indicated a return leave date of February 15, 2005.

**ANSWER:**     Sam's Club admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     On February 12, 2005 the Plaintiff returned to her employment with Defendant, after her FMLA leave.

**ANSWER:**     Sam's Club admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     On February 12, 2005 the Plaintiff was demoted, transferred and otherwise reduced in pay and benefits and/or not returned to her original position or a substantially similar position in direct violation of her rights under FMLA.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     On April 2, 2005, Plaintiff was suspended from work and placed on paid leave.

**ANSWER:**     Sam's Club admits the allegations contained in Paragraph 29, but denies any implication that Plaintiff's suspension was related to her leave of absence.

30.    Defendant suspended the Plaintiff and falsely accused of submitting credit applications for employees without the employees authorization.

**ANSWER:**    Sam's Club admits that it suspended Plaintiff pending investigation of allegations that she submitted credit applications for employees without the employees' authorization, but denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Plaintiff was accused of doing this on November 12, 2004 the last day of work before the beginning of her FMLA leave.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    On April 8, 2005 Defendant fired the Plaintiff based on the false accusation.

**ANSWER:**    Sam's Club admits that it terminated Plaintiff's employment on April 8, 2005, but denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.    Defendant's actions were willful and deliberate and therefore allow the Plaintiff to bring this action within three (3) years of the adverse action of the Defendant in accordance with the provisions of the FMLA.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## SAM'S PRIOR RETALIATIONS, DEMOTIONS AND INTERFERENCE FOR PLAINTIFF'S PRIOR FMLA LEAVE

34.    In 2002 the Plaintiff became pregnant with her first child and in July applied for and was approved for a twelve (12) week FMLA leave.

**ANSWER:**    Sam's Club admits that in 2002, Plaintiff became pregnant and in July applied for and was approved for a 12 week FMLA leave.  Sam's Club states that it is without knowledge or information sufficient to form a belief as to whether the child was Plaintiff's first child.

35.    Plaintiff went on FMLA leave from Sam's Club and had an initial return to work date of 11/1/02.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.    After the birth of her child, but before the end of her FMLA leave, (on or about 10/13/02) Plaintiff's mother was admitted to an Ohio hospital for chest pain.

**ANSWER:**    Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    Plaintiff was with her mother and wished to remain there to assist in her care.

**ANSWER:**    Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.    Plaintiff communicated or attempted to communicate this event to Defendants on several occasions.

**ANSWER:**    Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    Plaintiff received permission of Defendant to utilize vacation time to extend her leave beyond the 12 weeks and/or to continue her FMLA leave.

**ANSWER:**    Sam's Club admits that it allowed Plaintiff to take a paid personal leave of absence to extend her leave beyond 12 weeks, but denies the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    On 10/24/2002 in a teleconference Defendant attempted to induce Plaintiff to return from her leave early even before the end of her FMLA leave return date of 11/1/2002.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    On 10/25/2002 Defendant transferred the Plaintiff while she was on FMLA leave but promised that the transfer would not affect her salary or other benefits.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    On 11/2/2002 Defendant demoted Plaintiff the day Plaintiff returned from FMLA leave.

**ANSWER:**    Sam's Club admits that it allowed Plaintiff to transfer to an open position when she failed to return to work at the end of her FMLA leave.  Sam's Club's denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint, but denies any implication that Sam's Club demoted Plaintiff because she took a leave of absence.

43.    On 7/26/2003 and/or 9/6/2003 Defendant gave the Plaintiff a written coaching and/or changed her pay to Co-Manager pay and thereby reducing her pay, due to her leave and breaching the oral and/or written contract that the transfer would not reduce her pay.

**ANSWER:**    Sam's Club admits that it issued Plaintiff a Written Coaching and reduced her salary in July, 2003, but denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    Defendant and Plaintiff orally and in writing agreed to allow her to have time off, consideration passed in the form of pay and work for pay, both parties benefited from the contract, then the Defendant breached the contract by first transferring her, demoting her, then six months later disciplining her and reducing her pay.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.    While this demotion and other adverse actions are not actionable in this complain [sic] under FMLA and the FMLA statute of limitations clearly applies, the actions clearly demonstrate a pattern and practice of animus towards the Plaintiff based on her use of FMLA, approved vacation leave and/or her pregnancy/sex, however the claims are brought under Illinois State written contract law, which has a ten year statute of limitations.

**ANSWER:**    Sam's Club admits that Plaintiff cannot bring a claim under the FMLA based on events that allegedly occurred more than two years prior to the filing of this Complaint. Sam's Club denies that it entered into a contract with Plaintiff, oral or written, pertaining to her leave that began on November 2, 2002, denies that the alleged actions "clearly demonstrate" a pattern and practice in violation of any law, denies that Plaintiff can state a "pattern and practice" claim, and denies the remaining allegations contained in Paragraph 45.

## FACTS UPON WHICH
## THE SEX AND PREGNANCY CLAIMS ARE BASED

46.    Defendant is engaged in an industry affecting commerce and employ more than 15 employees and is an employer's [sic] within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seqsdf [sic]

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 46 of Plaintiff's Complaint but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

47.    Plaintiff was an employee of Defendant pursuant to Title VII from 1986 through April 8, 2005.

**ANSWER:**    Sam's Club admits that Plaintiff was an "employee" within the meaning of Title VII.  Sam's Clubs denies the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.    Defendant is an employer as defined by Title VII.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.    On April 8, 2005, Plaintiff was unlawfully terminated from her employment with Defendants.

**ANSWER:**    Sam's Club admits that Plaintiff's employment was terminated on April 8, 2005, but denies the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.    At all relevant times, Plaintiff performed her job responsibilities in a manner that met and/or exceeded Defendant's legitimate expectations.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    On a continuing, ongoing and escalating basis from throughout her employment until the date of her unlawful termination, Plaintiff Devenport was subjected to discrimination because of her gender and or pregnancy.

**ANSWER:**   Sam's Club denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.   Defendant's Manager Larry Dodson subjected Plaintiff to gender and/or pregnancy discrimination.

**ANSWER:**   Sam's Club denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.   Defendant terminated Plaintiff based on a claim of "Gross Misconduct", but Defendant did not terminate similarly situated male employees that also engaged in behavior which should have been considered "Gross Misconduct" or were considered "Gross Misconduct".

**ANSWER:**   Sam's Club admits that Plaintiff was terminated for Gross Misconduct, but denies the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.   The Defendant falsely accused Plaintiff of gross misconduct based on the submission of unauthorized credit applications, however, Plaintiff did not engage in this illegal behavior and vehemently denies any involvement or knowledge of the unauthorized credit applications.

**ANSWER:**   Sam's Club admits that it investigated and substantiated reports that Plaintiff had submitted unauthorized credit applications and that such behavior is considered to be Gross Misconduct.  Sam's Club denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.   Rather, Plaintiff alleges that the Defendant falsely accused the Plaintiff of this act as a pretext to cover its discriminatory intent.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.    Additionally, Defendant treated male employees differently by either not investigating, or not treating rule violations of male employees as harshly as female employees such as Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.    This dissimilar treatment is demonstrated by the following examples, some of which were included in the IDHR report leading to the Substantial Evidence Finding, as follows:

    a.    Defendant claimed to be unable to retrieve data from the computer in question, while witness testimony indicated retrieval of this information was possible;

    b.    Defendant's "investigation" of the credit applications did not include interviews with vital witnesses who clearly had important and relevant information;

        i.    The Plaintiff spent the majority of November 12, 2005, the last day before her FMLA leave, with Colleen Vukovich. Ms. Vukovich was at the Plaintiff's retail location on November 12, 2005, conducting an audit of the store, however, Defendant admits that it failed to interview Ms. Vukovich.

    c.    Milton Lynch (male), Plaintiff's named comparative, was accused of sexual harassment by seven (7) female associates and received a "coaching"; a comparative "slap on the wrist";

    d.    Wayne Brock (male), another comparative, was accused and admitted that he accepted a motorcycle as a gift from a vendor and also was only issued a "coaching", another mild punishment for a serious breach of Defendant's rules.

        i.    The IDHR report states "Evidence indicates that Complainant's comparative Milton Lynch (male), Manager, and Wayne Brock (male), Manager were cited for misconduct, which appears as gross misconduct; however, they were not suspended or discharged

15

and Respondent failed to justify the leniency with male managers. Therefore, staff recommends a substantial evidence finding."

e.   The evidence of pregnancy discrimination and sex discrimination are also established by the pattern of prior actions of the Defendant.

   i.   In 2002 the Plaintiff returned from her first pregnancy leave and was demoted and transferred the very same day.

   ii.   In 2005 Plaintiff transferred out of Larry Dodson's area of responsibility and supervision in an effort to avoid his discriminatory actions.

   iii.   And prior to February 15, 2005 Larry Dodson chose to "reassign" his area of responsibility to include the Plaintiff's retail store in an effort to ensure the Plaintiff's termination.

   iv.   The Defendant [sic] animus towards females, pregnant females and/or FMLA is also demonstrated by the Plaintiff's "career path" before and after pregnancy;

      1.   From 1986 to 2000 the Plaintiff received a number of promotions from "Field Hourly" to Assistant Manager to Assistant Manager Merchandise to Sam's Co-Manager to finally Manager.

      2.   The Plaintiff then had a child and took FMLA leave, immediately after the Plaintiff's career was knocked "off-track" as she was demoted twice from Manager to Co-Manager to Assistant Merchandise Manager 2.

      3.   Then Plaintiff had a second child and took a second FMLA leave and was again moved to a lesser position upon return, suspended and terminated after a biased "investigation" of false claims overseen by the district manager, Larry Dodson, who sought to re-acquire supervision over the Plaintiff's retail location.

**ANSWER:**   Sam's Club denies that Plaintiff has accurately portrayed the findings of the Illinois Department of Human Rights. Sam's Club admits that it did not interview Colleen Vukovich because it did not believe that Vukovich was a relevant witness and did not have direct knowledge of the events that led to Plaintiff's termination. Sam's Club further admits that Milton Lynch was accused of making inappropriate comments by seven female Associates and

16

was Coached for making inappropriate comments after his alleged conduct was investigated. Sam's Club further admits that Wayne Brock was Coached after he accepted a motorcycle on behalf of the Club (not Brock) for use by the Club in a raffle for Members. Sam's Club further admits that Plaintiff was demoted and transferred in 2002. Sam's Club further admits that at one time, Plaintiff received several promotions and eventually reached the level of General Manager. Sam's Club denies the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint, denies that Plaintiff was similarly situated to Milton Lynch and/or Wayne Brock, and denies any implication that it engaged in any unlawful activity whatsoever.

58.    The unwelcome gender discrimination and pregnancy discrimination affected the terms, conditions and responsibilities of Plaintiff's employment with Defendant.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    Plaintiff reported the various acts of pregnancy discrimination, gender discrimination suffered by her managers to those in authority at Defendants and/or Defendants had knowledge of the allegations herein.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    Defendants took no action to remedy, alleviate, or otherwise address the discrimination.

**ANSWER:**    Sam's Club denies the existence of any discrimination and therefore denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    Defendant's actions were so outrageous, obscene, and degrading that it would offend and humiliate any reasonable individual.

17

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.    The working environment was so ridden with discrimination, sexual harassment and so sexually hostile that it reasonably interfered with Plaintiff's ability to perform her job responsibilities.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    At all times relevant herein, Plaintiff was performing all of her job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for the discriminatory and harassing treatment alleged herein.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.    Defendants knowingly engaged in conduct intended to harass, humiliate, and degrade Plaintiff with intentional malice and knowledge that it was violating federal and state laws prohibiting said conduct.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    Plaintiff was a dedicated, hardworking and loyal employee that contributed to Defendant's business in a substantial and meaningful manner.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    Defendant's illegal actions as alleged herein have caused severe and egregious injury and damage to Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    Defendants contributed to, ratified, condoned, accepted, and failed to remedy or remediate the gender/pregnancy discrimination.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.    Defendant knew and/or should have known of the gender/pregnancy discrimination and refused and failed to take action to terminate or correct the gender/pregnancy discrimination although having the power and authority to do so.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.    On April 8, 2005, Defendants terminated Plaintiff because of her gender, because she was pregnant.

**ANSWER:**    Sam's Club admits that Plaintiff's employment was terminated on April 8, 2005, but denies the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.    Defendants have a policy and custom of allowing and condoning gender/pregnancy discrimination, and failing to effectively respond to complaints/reports thereof and/or take action to terminate, correct, remediate or otherwise eliminate such actions and environment despite affirmative knowledge of such actions and environment.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.    The actions of Defendants in intentionally engaging in and condoning gender/pregnancy discrimination, against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.    The Plaintiff's allegations regarding her prior pregnancy also support a anti-pregnancy animus.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.    All allegations herein are plead in the alternative to the extent necessitated for viable construction under applicable state and/or federal law.

**ANSWER:**    Sam's Club denies that it engaged in any conduct in violation of any applicable state and/or fedral law.  Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.    All allegations herein are plead based upon personal knowledge and experience, those facts not personally known are plead based upon belief and information.

**ANSWER:**    Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF TITLE VII**
**DISCRIMINATION BASED UPON SEX**

75.    Plaintiff incorporates and realleges all paragraphs contained in this complaint as if fully set forth herein.

**ANSWER:**    Sam's Club restates its answers to Paragraphs 1 through 74 as if fully set forth herein.

76.    At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendants, and Defendants were her "employer" covered by and within the meaning of Title VII.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 76 of Plaintiff's Complaint but denies that it engaged in any unlawful conduct and denies that Plaintiff is entitled to any relief whatsoever.

77.    At all times relevant to this cause of action, Larry Dodson was an agent of Defendants, covered by and within the meaning of Title VII.

**ANSWER:**    Sam's Club admits that Larry Dodson was employed by Sam's Club as a manager at all times relevant to Plaintiff's claims that are not time barred.  Sam's Club denies the remaining allegations of Paragraph 77, denies that it engaged in any conduct in violation of Title VII, and denies that Plaintiff is entitled to any relief whatsoever..

78.    The actions of Defendants as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e), et seq.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.    At all times relevant to this cause of action, Defendants had a duty under Title VII to refrain from discriminating against Plaintiff based on her gender.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 79 of Plaintiff's Complaint. Sam's Club denies that it engaged in any conduct in violation of Title VII and denies that Plaintiff is entitled to any relief whatsoever.

80.    Defendant had a duty under Title VII to prevent the ongoing severe and pervasive sexually hostile work environment.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 80 of Plaintiff's Complaint. Sam's Club denies that it engaged in any conduct in violation of Title VII and denies that Plaintiff is entitled to any relief whatsoever.

81.    Plaintiff reported and/or Defendants had knowledge of the gender discrimination, sexual harassment and severe and pervasive sexually hostile work environment.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.    Despite knowledge of the gender discrimination and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.    The discriminatory actions by Defendants, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.    Defendants, by and through their agents and employees, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.    The actions of Defendants in intentionally engaging in and condoning sexual discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

## PRAYERS FOR RELIEF FOR THE FIRST CLAIM OF RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

a.   All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b.   Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c.   Defendants be required to pay prejudgment interest to Plaintiff on these damages;

d.   A permanent injunction enjoining Defendants from engaging in the discriminatory practices complained of herein;

e.   A permanent injunction requiring Defendants to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. §2000e et seq.;

f.   The Court to retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.   Punitive damages as a result of Defendant's deliberate, intentional, willful, wanton and malicious conduct;

h.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.   Such other relief as the Court may deem just or equitable.

**ANSWER:**   Sam's Club denies that Plaintiff is entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF
### (VIOLATIONS OF THE PREGNANCY DISCRIMINATION ACT OF 1978, AMENDMENT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §2000E(K))

87.   Plaintiff incorporates and realleges all paragraphs contained within this Complaint as if fully set forth herein.

**ANSWER:**   Sam's Club restates its answers to Paragraphs 1 through 86 as if fully set forth herein.

24

88.    The Pregnancy Discrimination Act of 1978, amendment to Title VII of the Civil

Rights Act of 1964, 42 U.S.C.A. §2000e(k) prohibits discrimination on the basis of pregnancy.

The Pregnancy Discrimination Act, 42 U.S.C.A. §2000e(k) includes the following:

    a.    The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title [42 USC § 2000e-2(h)] shall be interpreted to permit otherwise. This subsection shall not require an employer to pay for health insurance benefits for abortion, except where the life of the mother would be endangered if the fetus were carried to term, or except where medical complications have arisen from an abortion: *provided*, That nothing herein shall preclude an employer from providing abortion benefits or otherwise affect bargaining agreements in regard to abortion.

**ANSWER:**    Sam's Club admits that Plaintiff has accurately quoted the language of 42

U.S.C. § 2000e(k).  Sam's Club denies that it engaged in any conduct in violation of Title VII

and denies that Plaintiff is entitled to any relief whatsoever.

89.    42 U.S.C.A. §2000e-2 provides:

**§2000e-2.  Unlawful employment practices.**

    a.    Employer practices.  It shall be an unlawful employment practice for an employer:

        1.    To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

        2.    To limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

    b.    Employment agency practices. It shall be unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

    c.    Labor organization practices. It shall be an unlawful employment practice for a labor organization-

        1.    To exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

        2.    To limit, segregate, or classify its membership or applicants for membership, or to classify or fail to refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or

        3.    To cause or attempt to cause an employer to discriminate against an individual in violation of this section.

**ANSWER:**    Sam's Club admits that Plaintiff has accurately quoted the language of 42 U.S.C. § 2000e(k). Sam's Club denies that it engaged in any conduct in violation of Title VII and denies that Plaintiff is entitled to any relief whatsoever..

90.    Plaintiff Devenport was a pregnant employee of Defendants within the meaning of employee as defined under 42 U.S.C.A. §2000e(f).

**ANSWER:**    Sam's Club admits that at some times, Plaintiff was pregnant during some of the time she was employed by Sam's Club, and that she was an employee within the meaning of 42 U.S.C. § 2000e(f). Sam's Club denies that it engaged in any conduct in violation of Title VII and denies that Plaintiff is entitled to any relief whatsoever.

91.    Defendants were employers under 42 U.S.C.A §2000e(b) which defines an "employer" to include a person engaged in an industry affecting commerce who has 15 or more employees for at least 20 calendar weeks in the current or preceding calendar year.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 91 of Plaintiff's Complaint.  Sam's Club denies that it engaged in any conduct in violation of Title VII and denies that Plaintiff is entitled to any relief whatsoever.

92.    Defendants were aware that Plaintiff was pregnant.

**ANSWER:**    Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of Plaintiff's Complaint because Plaintiff does not specify a time period when Sam's Club allegedly was aware that she was pregnant.

93.    Defendants discriminated against Plaintiff Devenport because of her pregnancy as detailed above and throughout the Complaint.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.    Defendant knew about the pregnancy discrimination and knew that it was terminating Plaintiff Devenport on the basis of her pregnancy.  Defendants did nothing to stop the discrimination against Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.    There was no legitimate non-discriminatory basis for the termination of Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.    Plaintiff suffered severe damages as a direct and proximate cause of Defendant's violations as alleged herein.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.    All of Defendant's actions were willful, wanton and done in utter disregard for Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.    By reason of the foregoing, Defendants deprived Plaintiff of certain benefits, privileges and terms and conditions of employment and denied her employment because of her sex and pregnancy, to her damage and injury.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    As a result of said damages, the Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to lost wages, pursuant to 42 U.S.C.A. §2000e-5(g).

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

a.    Damages sufficient to compensate Plaintiff for her injuries;

b.    Reinstatement or Front Pay;

c.    Back Pay, inclusive of lost wages, pension benefits, health insurance benefits and other such fringe benefits;

d.    Pre-judgment and post-judgment interest;

e.    Reasonable attorneys' fees;

f.    Cost of this action;

g.    Punitive damages; and

h.    Any and all such other relief as this Honorable Court may deem just and equitable.

**ANSWER:**    Sam's Club denies that Plaintiff is entitled to any relief whatsoever.

## THIRD CLAIM FOR RELIEF
### VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT
### Retaliation In Violation of FMLA

100.    Plaintiff re-alleges and incorporates all paragraphs of this complaint as if fully set forth herein.

**ANSWER:**    Sam's Club restates its answers to Paragraphs 1 through 99 as if fully set forth herein.

101.    Plaintiff applied for and was granted FMLA leave to give birth to her child; which is a provision of FMLA expressly covered under this Federal Law.  Alternatively, pregnancy is a serious medical condition, that requires medical treatment and a medically mandated period of recovery for which FMLA leave should be allowed.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    Plaintiff was an eligible employee under the FMLA, insomuch as he [sic] had been employed for at least 12 months and had worked at least 1,250 hours for Defendants within

the 12-month period immediately preceding his [sic] request for FMLA leave and retaliatory termination by Defendant. See 29 U.S.C. §2611(2).

**ANSWER:**  Sam's Club admits that Plaintiff was employed for at least 12 months and had worked at least 1,250 hours in the year preceding her termination. Sam's Club denies the remaining allegations contained in Paragraph 102 of Plaintiff's Complaint, denies that it engaged in any conduct in violation of the FMLA and denies that Plaintiff is entitled to any relief whatsoever.

103.  Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. 29 U.S.C. §2611(4).

**ANSWER:**  Sam's Club admits the allegations contained in Paragraph 103 of Plaintiff's Complaint but denies that it engaged in any conduct in violation of the FMLA and denies that Plaintiff is entitled to any relief whatsoever.

104.  Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. §2612(a)(1).*

**ANSWER:**  Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104 of Plaintiff's Complaint because she does not specify when she claims she was entitled to leave under the FMLA.

105.  Plaintiff properly notified Defendants of her need to take FMLA leave, obtained the necessary medical certifications, insisted on exercising her right to take FMLA, and otherwise fulfilled all of her obligations for taking medical leave.

**ANSWER:**  Sam's Club admits that at various times during her employment, Plaintiff properly exercised her rights under the FMLA. Sam's Club states that it is without knowledge or

information sufficient to form a belief as to the remaining allegations contained in Paragraph 105 of Plaintiff's Complaint because she does not specify when she claims she was entitled to leave under the FMLA.

106.    Plaintiff fully informed Defendants of the nature and scope of her serious medical condition and she went through all of the proper avenues to get approval for her requested leave to recover from the injury.

**ANSWER:**    Sam's Club admits that at various times during her employment, Plaintiff properly exercised her rights under the FMLA. Sam's Club states that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 106 of Plaintiff's Complaint because she does not specify when she claims she was entitled to leave under the FMLA.

107.    Plaintiff was entitled to twelve (12) weeks of leave as provided pursuant to the FMLA, because she was a qualifying employee, as alleged above, and she had not taken any other FMLA leave.

**ANSWER:**    Sam's Club admits that Plaintiff was entitled to 12 weeks of FMLA leave at the times in which she took FMLA leave because she was an eligible employee and had not taken any other FMLA leave within the preceding 12 months. Sam's Club denies any remaining allegations contained in Paragraph 107.

108.    Defendants violated the FMLA by transferring/demoting Plaintiff upon the very day of her return from FMLA, by suspending the Plaintiff within weeks of the Plaintiff's return from FMLA leave, and terminating Plaintiff from her employment within weeks of her return from FMLA leave.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.     Defendant terminated Plaintiff in retaliation for Plaintiff having taken time off as allowed under FMLA.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.     There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's termination of Plaintiff.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.     Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.     Defendant's actions were willful and deliberate and therefore allow the Plaintiff to bring this action within three (3) years of the adverse action of the Defendant in accordance with the provisions of the FMLA.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.     Because the Defendant actions were deliberate and willful, the statute of limitation on this action is three years from the date of the demotion, suspension and termination.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.    There exists a causal link between Plaintiff availing herself of FMLA rights and the subsequent harassment, retaliation, termination and or ouster from employment suffered by Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.    Said discriminatory, unlawful and willful conduct is in direct violation of FMLA 29 U.S.C. §2615(a)(2).

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT**
**Interference with Plaintiff's Substantive Rights Under FMLA**

116.    Plaintiff re-alleges and incorporates all paragraphs of this complaint as if fully set forth herein.

**ANSWER:**    Sam's Club restates its answers to Paragraphs 1 through 115 as if fully set forth herein.

117.    Plaintiff was employed by Defendants.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.    Plaintiff's [sic] had worked for Defendants more than 1250 hours within the twelve month period preceding their [sic] requests for FMLA leave.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.    Defendants employ more than 50 employees.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.    Plaintiff provided notice to Defendants regarding a need for FMLA leave so as to obtain medical care for himself.

**ANSWER:**    Sam's Club admits the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.    Defendants intentionally interfered and burdened Plaintiff in the exercise of his [sic] substantive statutory rights as an eligible employee under 29 U.S.C. §2615(a)(1). Specifically, but not limited to the following conduct.

    a.    By failing to comply with FMLA requirements;

    b.    Monetarily punishing the Plaintiff for taking FMLA leave by reassigning the Plaintiff's work;

    c.    Threatening Plaintiff with discipline while on FMLA leave;

    d.    Threatening Plaintiff with termination while on FMLA leave;

    e.    Disciplining Plaintiff while on FMLA leave;

    f.    Harassing Plaintiff while on FMLA leave;

    g.    Terminating Plaintiff while on FMLA leave;

    h.    Demoting the Plaintiff upon return from FMLA;

    i.    Suspending the Plaintiff upon return from FMLA;

    j.    Terminating the Plaintiff upon return from FMLA.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.     Plaintiff was entitled to FMLA leave and Defendants unlawfully, intentionally and willfully, interfered with and burdened Plaintiff's exercise of said entitlement.

**ANSWER:**     Sam's Club admits that at times, Plaintiff was entitled to FMLA leave, although Sam's Club states that it is without knowledge or information sufficient to form a belief as to when Plaintiff is claiming she was entitled to FMLA leave.   Sam's Club denies the remaining allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.     Defendant's actions were willful and deliberate and therefore allow the Plaintiff to bring this action within three (3) years of the adverse action of the Defendant in accordance with the provisions of the FMLA.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.     There exists a causal link between Plaintiff availing herself of FMLA rights and the subsequent harassment, retaliation, termination and or ouster from employment suffered by Plaintiff.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.     Said discriminatory, unlawful and willful conduct is in direct violation of FMLA 29 U.S.C. §2615(a)(2).

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    As a result of Defendants discriminatory actions Plaintiffs [sic] have suffered harm and injury damage to their [sic] good reputation, extreme mental anguish, painful embarrassment among his [sic] friends and co-workers, disruption of their personal life, financial injury, physical harm, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 126 of Plaintiff's Complaint, denies that it engaged in any conduct in violation of the FMLA, denies that the FMLA provides relief for the types of damages alleged in Paragraph 126 and denies that Plaintiff is entitled to any relief whatsoever.

## FIFTH CLAIM FOR RELIEF
## RETALIATION: TERMINATION FOR UTILIZING
## FMLA PROTECTED LEAVE

127.    Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

**ANSWER:**    Sam's Club restates its answers to Paragraphs 1 through 126 as if fully set forth herein.

128.    The allegations more particularly described in all the paragraphs in this complaint constitute intentional adverse action against Plaintiff in response to her utilization of medical leave for her own health condition. Defendant's termination of Plaintiff's employment was in retaliation for exercising his FMLA rights, in violation of the FMLA. 29 U.S.C. §2615(a)(2).

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

## PRAYERS FOR RELIEF FOR ALL FMLA CLAIMS AND SPECIFICALLY THIRD, FOURTH AND FIFTH CLAIMS

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. Statutory damages for lost wages, benefits and other compensation, plus all accrued interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. §2617(a)(1)(A)(i) and (ii);

b. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

c. Additional liquidated damages equal in the amount of the above requested amounts in Prayers A and B, pursuant to 29 U.S.C.A. §2617(a)(1)(B) and/or 29 U.S.C. §2617(a)(1)(A)(iii);

d. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. §2617(a)(1)(B);

e. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's rights under 29 U.S.C. §§2614(a)(1), 2614(a)(2), and 2615(a);

f. Judgment against the defendant awarding plaintiff's costs, disbursements, prejudgment interest lost and/or incurred by reason of the violation.

g. Judgment against defendant, awarding damages for any wages, salary, employment benefits and other compensation;

h. Injunctive and declaratory relief with regard to Defendant's unlawful FMLA policies and to force Defendants to cease in enforcing said policies against the hundreds of other persons employed by them.

i. Damages which satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances;

j. Attorneys fees, interest on said attorney's fees, expert witness fees; and

k. Any and all other such relief as this Court deems just and equitable.

**ANSWER:**    Sam's Club denies that Plaintiff is entitled to any relief whatsoever.

## SIXTH CLAIM FOR RELIEF
### Breach of Written and/or Oral Contract

129.   Plaintiff realleges and incorporates by reference all paragraphs of this complaint, as if fully set forth herein.

**ANSWER:**   Sam's Club restates its answers to Paragraphs 1 through 128 as if fully set forth herein.

130.   Plaintiff and Defendants entered into oral and/or written employment contracts.

**ANSWER:**   Sam's Club denies the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.   Defendants, under those contracts, agreed to and affirmed that the Plaintiff's leave would be extended by use of the Plaintiff's accrued vacation and/or sick leave and/or FMLA leave.

**ANSWER:**   Sam's Club admits that it extended one of Plaintiff's leaves of absence, but denies that such extension created any enforceable rights, and denies the remaining allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.   This extension of leave was to allow for care of the Plaintiff's sick mother in the state of Ohio and/or the Plaintiff and her newborn child.

**ANSWER:**   Sam's Club states that it is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.   After the Plaintiff and Defendant reached a mutual agreement regarding this extension of leave, the Defendant reneged on the promise, revoking the promises the Plaintiff reasonably relied upon and demanded her immediate return to work.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.    Plaintiff complied with the Defendant's request, however as a result of the Plaintiff having relief upon the Defendant's promise, the Plaintiff was demoted and transferred, thereby breaching the contract.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.    Plaintiff provided consideration in the form of her employment and labors to the Defendants and the Defendants provided some, but not all, of the promised compensation, in mutual consideration of the above-described contract.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.    Defendants, by granting then revoking extension of the FMLA leave, or company leave, thereby breached the contracts with Plaintiff.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.    Because of the breach of contract the Plaintiff suffered and continues to suffer losses and damages due to the actions of the Defendants.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff prays for the following relief:

  a.    Unpaid wages and liquidated damages pursuant to the parties oral and/or written contract;

b.     Compensatory damages;

c.     Consequential damages;

d.     Attorneys' fees and costs of this action; and

e.     Such other relief as this Court shall deem just and proper.

**ANSWER:**     Sam's Club denies that Plaintiff is entitled to any relief whatsoever.

## SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

138.     Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

**ANSWER:**     Sam's Club restates its answers to Paragraphs 1 through 137 as if fully set forth herein.

139.     Defendant's conduct, as alleged herein, was both extreme and outrageous to the point that it went beyond the bounds of decency and is to be regarded as intolerable in our society.

**ANSWER:**     Sam's Club denies the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.     Defendants, among other things, required Plaintiff to be subjected to egregious actions such as:

a.     Inducing her to abandon the Plaintiff's mother while she was gravely sick.

b.     Demoting her upon her return from FMLA leave, thereby showing all her peers and Defendant employees that she was subject to this demotion.

c.     Engaging in a witch hunt to gather evidence against the Plaintiff;

d.     Interrogating the Plaintiff for hours during the "interview" by Sam's employees;

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.    Defendants knew that Plaintiff was a new mother that depended upon her employment with Defendant and income to care for and support her young children.

**ANSWER:**    Sam's Club states that it was aware that Plaintiff was a new mother, but states that it is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.    Defendants knew or should have known that the egregious harassment (as detailed above) would cause Plaintiff, and any reasonable individual, to suffer severe emotional distress.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.    As a direct and proximate result of the previously stated acts, Plaintiff has in the past and will in the future suffer loss of employment, income, benefits and other incidentals of employment, severe mental and emotional harm and distress, embarrassment and humiliation, physical harm and other costs.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.    Defendant's actions were extreme and outrageous, intentional, willful and wanton, and done with reckless disregard for Plaintiff's rights and to her physical well being, so as to justify awarding punitive damages and exemplary damages in this case.

**ANSWER:**    Sam's Club denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in an amount that will fully compensate her for injuries and damages of the past and future, including but not limited to lost wages of the past and future, lost future earnings, lost employee benefits, severe mental and emotional distress, embarrassment and humiliation, attorney fees and costs, punitive damages, liquidated damages and prejudgment interest, as well as any other further relief as the Court deems just and appropriate.

**ANSWER:**    Sam's Club denies that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.    Acceptance of jurisdiction of this cause;

ii.   Declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.  A preliminary and permanent injunction against the Defendants, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and racial discrimination as set forth herein;

iv.   Damages sufficient to compensate Plaintiff for her injuries;

v.    Reinstatement in position from which she was demoted;

vi.   Front pay;

vii.  Back pay; inclusive of lost wages and any benefits;

viii. Lost future earnings;

ix.   Pre-judgment and post-judgment interest;

x.    Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xi.   An award of litigation costs and expenses;

xii.  Any and all other relief that this Honorable Court may deem just and equitable.

**ANSWER:**    Sam's Club denies that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are limited to the scope of her administrative charge of discrimination.

## THIRD AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some of Plaintiff's claims fail because she has failed to exhaust his administrative remedies and/or because they are outside the scope of her administrative charge.

## FOURTH AFFIRMATIVE DEFENSE

Defendant had legitimate, nondiscriminatory and non-retaliatory reasons for its actions regarding Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff's remedies are limited by the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct inappropriate or unlawful conduct by establishing and publishing effective policies and complaint procedures for its employees, and Plaintiff unreasonably failed to take advantage of those policies and procedures.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to damages because Sam's Club would have made the same decisions and taken the same actions absent any allegedly unlawful motivation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred or limited by the U.S. Constitution, Title VII, and the Illinois Constitution..

## TWELFTH AFFIRMATIVE DEFENSE

Sam's Club acted in good faith and had reasonable grounds for believing that its actions did not violate the Pregnancy Discrimination Act, Title VII, the FMLA, or any other applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred by Sam's Club's good faith efforts to comply with equal employment opportunity laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's requested relief may not be available, given the nature of Plaintiff's claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a legally cognizable claim for punitive damages because there is no evidence that Sam's Club engaged in any discriminatory practice with malice or with reckless indifference to Plaintiff's federally-protected rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's intentional infliction of emotional distress claim is barred by the exclusive remedy provision of the Illinois Workers' Compensation Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's intentional infliction of emotional distress claim is preempted by the exclusive remedy provision of the Illinois Human Rights Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's intentional infliction of emotional distress claim is barred by the two year statute of limitations contained in 735 ILCS 5/13-202.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred by the five year statute of limitations contained in 735 ILCS 5/13-205.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's FMLA claims are time barred because Plaintiff cannot show that Sam's Club knew or showed reckless disregard for whether its alleged conduct was prohibited by the Act.


Dated: May 2, 2008                    Respectfully submitted,

                                      SAM'S WEST, INC.


                                      By: /s/ Norma W. Zeitler
                                          One of its Attorneys

Norma W. Zeitler, #6230589
Douglas M. Oldham, #6283670
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 338-5924
(312) 759-5646 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2008, I electronically filed the foregoing Defendant's

Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following:

> John C. Ireland
> The Law Office of John C. Ireland
> 1921 Charles Lane
> Aurora, Illinois  60505
> P: 630-464-9675
> F: 630-206-0889
> attorneyireland@aol.com


> */s/ Norma W. Zeitler*
> Norma W. Zeitler